UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MATTHEW KIMMEL and LINDSEY DECKER,<br><br>　　Plaintiffs,<br><br>v.<br><br>CHC ENTERPRISES, INC. d/b/a PAPA JOHN'S PIZZA<br><br>　　Defendant. | )<br>)<br>)<br>) CAUSE NO.:<br>)<br>) 3:10-cv- 63 RLY-WGH<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   NATURE OF THE CASE**

1.   This is an employment discrimination and civil rights action brought by Matthew Kimmel ("Kimmel") and Lindsey Decker ("Decker"), collectively known as Plaintiffs, against CHC Enterprises, Inc. d/b/a Papa John's Pizza, ("Defendant") for unlawfully violating their rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as amended.

**II.   PARTIES**

2.   At all times relevant to this action, Plaintiffs resided within the Southern District of Indiana.

3.   The Defendant is a corporation that conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this complaint pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §1331 and 28 U.S.C. § 1343.

6. The Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiffs were each an "employee" within the meaning of 42 U.S.C. § 2000e(f).

8. Plaintiffs satisfied their obligation to exhaust administrative remedies, having timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiffs received the appropriate Notice of Right to Sue and brought this original action within ninety (90) days of their receipt thereof.

9. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Decker was hired by Defendant in or about August 2007. Most recently, Decker served as a Shift Manager. Kimmel was hired by Defendant in or about June 2008.

11. During all relevant time periods, Plaintiffs met or exceeded the Defendant's legitimate performance expectations.

12. During her employment with Defendant, Decker was subject to unwelcome sexual harassment by the Store Manager, Ace Newman ("Newman"). Newman's harassment of Decker and other females in the store was severe and pervasive and significantly altered the terms and conditions of Decker's employment. Examples of Newman's sexual harassment of Decker include, but are not limited to, the following:

    a) On May 29, 2008, Newman offered to spank Decker eighteen times for her birthday;

      b) Newman would often come up behind Decker and grab her buttocks or place his arms around her waist and his hands on her stomach;

      c) Newman asked Decker if he could hold her;

      d) Newman would often comment on the type of bra that Decker was wearing;

      e) Newman on several occasions felt or cupped Decker's breasts;

13.    During his employment with Respondent, Kimmel became aware that his wife, Decker, and other females were being subjected to unwelcome sexual harassment by Newman.

14.    On June 22, 2009, Newman came up behind Decker, while she was on the phone assisting a customer, and pulled her pants down. After pulling Decker's pants down, Newman further humiliated Decker by calling on her co-workers to look at Decker, while her pants were down. Decker departed work almost immediately following the incident.

15.    On June 24, 2009, Decker reported Newman's sexual battery to the Jasper Police. Witnesses to the event also gave statements to the police. In addition, Kimmel reported Newman's sexual harassment of Decker and other female co-workers to the Defendant.

16.    Upon learning that Decker had reported his sexual harassment, Newman terminated Decker's and Kimmel's employment. Moreover, Decker and Kimmel appealed their termination to Defendant's owners, Kevin Christman and Max Zimmerman. Plaintiffs met with Defendant's owners who asked Plaintiffs if they would be willing to return to work. Kimmel said that he would because he badly needed a job. Defendant's owners stated, "It was not going to happen" and they "just wanted to see what [Kimmel] would say."

17.    Decker was subjected sexual harassment so severe and pervasive so as to create a hostile work environment and the Plaintiffs were terminated for engaging in protected activity.

### V.    LEGAL CAUSES OF ACTION

### COUNT I: RETALIATION

18. Plaintiffs hereby incorporate paragraphs one (1) through seventeen (17) of their Complaint as if the same were set forth at length herein.

19. Plaintiffs engaged in protected activity when they complained of sexual harassment.

20. The Defendant retaliated against Plaintiffs by terminating their employment.

21. The Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

22. The Defendant's actions were willful, intentional, and done with reckless disregard of Plaintiffs' civil rights.

23. Plaintiffs suffered damages as a result of the Defendant's unlawful actions.

### Count II-Sexual Harassment Claim

24. Decker hereby incorporates by reference paragraphs one (1) through twenty-three (23).

25. Decker was sexually harassed and subjected to a hostile work environment that was severe and pervasive.

26. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

27. Defendant's actions were willful, intentional, and done with reckless disregard for Decker's civil rights.

28. Decker has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiffs, by counsel, respectfully requests that this Court enter judgment in their favor and award them the following relief:

1. Payment to Plaintiffs all lost wages and benefits incurred as a result of Defendant's unlawful actions;

2. Reinstate Plaintiffs to the position, along with the appropriate salary increase that they would have enjoyed but for Defendant's unlawful actions; and/or payment to Plaintiffs front pay in lieu thereof;

3. Payment to Plaintiffs compensatory and punitive damages;

4. Payment to Plaintiffs pre- and post-judgment interest;

5. Payment to Plaintiffs all costs and attorney fees incurred in litigating this action; and,

6. Provide Plaintiffs any and all other legal and/or equitable relief this court deems just and appropriate.

Respectfully submitted,

_____
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812)424-1001
Facsimile: (812)424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiffs, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:    (812)424-1001
Facsimile:    (812)424-1005
E-Mail:       kfb@bdlegal.com

Attorneys for Plaintiff